OIL, CHEMICAL AND ATOMIC WORK-
ERS INTERNATIONAL UNION,
LOCAL NO. 5-283, Plaintiff,

v.

ARKANSAS LOUISIANA GAS COM-
PANY, Defendant.

Civ. No. 9876.

United States District Court
W. D. Oklahoma.

Dec. 26, 1962.

Schwoerke & Schwoerke, Oklahoma City, Okl., for plaintiff.

Lytle, Soule & Emery, Oklahoma City, Okl., for defendant.

BOHANON, District Judge.

This action is brought by plaintiff as the bargaining agent for certain employees of the defendant under Section 301 of the Labor Management Relations Act, 29 U.S.C.A. Section 185. In the Complaint, plaintiff asserts that certain management employees of the defendant have on occasions been assigned to perform duties of the members of the Union. This is not denied by the defendant. It is asserted by the plaintiff and not denied that plaintiff, after filing grievances under the Labor Agreement, demanded arbitration. The defendnt refused to arbitrate as provided in the contract.

The Labor Management Contract was entered into on April 1, 1961 and was to continue until April 1, 1963, and thereafter automatically renewed from year to year unless terminated as provided. The contract was in force and effect at all times concerning the disputes in question.

Article III of the Contract sets out the classification of employees and the rates of hourly pay. Supervisory employees of the company are not mentioned in this classification. The contract provided for no strikes or lockouts.

The pivotal or crucial portion of the contract hinges around Article V, Section 4, which in part provides:

"Only controversies arising between the Union and the Company relating to the interpretation or application of this agreement shall be submitted to arbiters, who shall only have the authority to interpret and apply the provisions hereof  *  *  * ".

The plaintiff takes the position that a proper interpretation of the contract does not authorize the defendant to use supervisory employees to perform classified work as set forth in Article III of the contract. The defendant contends that since there is no provision in the contract denying it the right to use supervisory employees to perform classified labor, it has the right to do so without violating the contract.

Both parties have moved for Summary Judgment, agreeing that there is no issue of material fact to be decided by the Court and the case should therefore be decided on the pleadings.

As above noted, there is no mention in the contract with respect to supervisory employees and the type of work they may be permitted to perform. These employees are not members of the Union and come under none of the classifications enumerated in Article III of the contract.

The Court is of the opinion that the triology of opinions from the Supreme Court handed down on June 20, 1960, United Steelworkers of America v. Warrior and Gulf Navigation Company, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409, United Steelworkers of America v. American Manufacturing Company, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403, and United Steelworkers of America v. Enterprise Wheel and Car Corporation, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424, clearly are decisive of the question involved here. These cases support the proposition that an order to arbitrate grievances should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute, and all doubts should be resolved in favor of coverage. Clearly there is a dispute between the plaintiff and the defendant relating "to the interpretation or application of this agreement * * *" and such dispute should be submitted to arbitration as provided in the contract, and the arbitration procedure of the contract set forth in Article V should be followed.

The defendant contends that the plaintiff, by setting forth the particular alleged violations of the contract and praying as follows:

"1. Declaring the defendant has violated and breached its con-contract;

"2. Enjoining defendant from refraining and refusing to arbitrate three grievances above set out in this Complaint, and with working employees in the future that are supervisory employees and in violation of the terms of the contract of collective bargaining agreement;"

has taken the legal position that the alleged controversies have been submitted to the Court for determination and therefore arbitration should not be ordered. The Court feels that this position is untenable. Clearly, the plaintiff, by its Complaint, seeks an order directing arbitration. Furthermore, the Courts by their machinery and experience are not equipped to settle complicated labor matters, but these matters should be settled by experienced arbiters in the specific fields of industry affected.

In Taft Broadcasting Company v. Radio Broadcast Technicians Local Union 253 of International Brotherhood of Electrical Workers, 298 F.2d 707 (5 Cir.), Judge John R. Brown, Circuit Judge, succinctly set forth what the Supreme Court meant in the Warrior, American Manufacturing Company, and Enterprise Wheel and Car Corporation cases, and at page 709 said:

"Two principles are emphasized. First, the purpose to exclude a particular type of dispute from the arbitration promise must be clearly spelled out. And second, courts must overcome the temptation of passing on the intrinsic merits of the controversy under the guise of determining whether the dispute is within the promise to arbitrate."

It is clear in this case that there is no exclusion of a dispute to arbitrate whether supervisory employees of the

782

defendant may perform classified work as set out in the contract without violating the same.

The Motion of the plaintiff for Summary Judgment is sustained, and the Motion of the defendant for Summary Judgment is denied.